UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SEARCH AND SHARE**<br>**TECHNOLOGIES, LLC,**<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | No.  1:25-CV-01540-RP |
| **X CORP.,**<br>*Defendant* | §<br>§<br>§ | |

## ORDER

Before the Court is Defendant X Corp's ("X") motion to stay case pending *inter partes* review ("IPR"), Dkt. 37, and all related briefing. The District Judge referred the motion to the undersigned for disposition. Having considered these filings and the relevant law, the Court grants the motion.

## I.      BACKGROUND

Plaintiff Search and Share Technologies, LLC ("SS") sued X, alleging that X's products infringe U.S. Patent Nos. 10,180,952 ("'952 patent") and 11,106,744 ("'744 Patent"). Dkt. 30. X filed a partial motion to dismiss, which is pending. Dkt. 31. While the parties filed a proposed scheduling order, no initial pretrial conference has taken place, and no deadlines have been set. *See* Dkt. 35.

Less than five months after SS's initial complaint, X filed two petitions for IPR. Dkt. 37, at 6. The petitions challenge all claims of the '744 and '952 patents. *Id.* X expects the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") to render decisions on both IPRs in August or September 2026. *Id.* If

instituted, the target dates for final written decisions would be in August or December 2027. *Id.*

## II.     LEGAL STANDARD

"Courts have the inherent power to manage their dockets, including the authority to enter a stay." *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *1 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)); *see also Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). The party seeking a stay bears the burden of showing that a stay is appropriate. *Bell Semiconductor*, 2022 WL 1447948, at *1. District courts consider three factors when determining whether to stay a case in light of *inter partes* proceedings: "(1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested." *Sterling Computs. Corp. v. X Corp.*, No. 1:24-CV-522-DII, 2025 WL 943411, at *1 (W.D. Tex. Feb. 13, 2025).

## III.     DISCUSSION

### A.     A stay will simplify the issues.

The first factor supports a stay. X argues a stay will simplify the issues because X's IPRs address all claims from both asserted patents and thus have the potential to resolve the entire case. Dkt. 37, at 7. It adds that even if the PTAB institutes only one of X's petitions, a ruling on one patent may be highly relevant to issues related to the other patent given the patents' strong similarity. *Id.* at 8. SS responds that

because IPR proceedings have not yet been instituted, the Court cannot conclude whether a stay pending IPR would simplify the issues. Dkt. 38, at 6.

The Court agrees with X. A stay will simplify issues and promote judicial efficiency because IPR could dispose of the entire litigation given that the petitions address all claims from both asserted patents. If the PTAB finds that only some of the claims are unpatentable, that finding would still narrow the scope of the litigation. *See Sterling*, 2025 WL 943411, at *1. Even if the PTAB declines to institute IPR, a short, four- or five-month stay of proceedings (until the PTAB decides whether to institute IPR) will not unduly prejudice SS. *Id.* This factor favors a stay.

**B.   A stay would not unduly prejudice or present a clear tactical disadvantage to SS.**

The second factor also weighs in favor of a stay. X asserts a stay will not unduly prejudice SS because SS does not compete with X or produce products on the asserted patents. Dkt. 37, at 9. X adds SS seeks only money damages, and that a mere delay in collecting damages is not undue prejudice. *Id.* (citing *Sterling*, 2025 WL 943411, at *1). SS disagrees, arguing that an eighteen-month stay (while the PTAB decides whether to institute IPR and, if it does, issues a decision) is unfairly prejudicial given SS's interest in the timely enforcement of its patent right. Dkt. 38, at 8 (citing *USC IP P'ship, L.P. v. Facebook, Inc.*, 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021)).[1] Further, SS argues a stay generally risks the loss of evidence. *Id.*

---

[1] *USC* is distinguishable: there, the Court determined a stay would unduly prejudice the plaintiff in part because the PTAB's final decision on IPR was expected five months after the trial date. 2021 WL 6201200, at *2.

The Court finds a stay will not unduly prejudice SS. There is no evidence that SS competes with X or produces products on the patent, and SS does not argue otherwise. *See id.*; *Sterling*, 2025 WL 943411, at *1; *Bell Semiconductor*, 2022 WL 1447948, at *2. Further, "a party's mere delay in collecting monetary damages does not constitute undue prejudice." *Sterling*, 2025 WL 943411, at *1 (internal quotation marks omitted). And "vague assertions about the loss of evidence and witnesses 'are not sufficient to justify a conclusion of undue prejudice.'" *Id.* (quoting *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014)). Since SS seeks only money damages in this case and makes only vague assertions about the loss of evidence, a stay will not unfairly disadvantage SS. This factor, too, weighs in favor of a stay.

### C.     The early stage of the litigation favors a stay.

Finally, the third factor favors a stay. As X points out, the Court has not convened an initial pretrial conference or set any deadlines in this case, including a trial date. Nor have the parties served initial disclosures, preliminary infringement contentions, or preliminary invalidity contentions; begun claim construction; or opened fact discovery. Dkt. 37, at 10. Contrary to SS's suggestion, courts routinely stay cases pending IPR even where the parties have "invested meaningful time and resources" by filing and responding to an amended complaint in the ordinary course of litigation. *See, e.g.*, *LS Cloud Storage Techs., LLC v. Google, LLC*, No. 1:22-CV-00853, 2023 WL 5004870, at *1-2 (W.D. Tex. July 25, 2023) (staying a case pending IPR where plaintiff filed an amended complaint and defendant moved to strike it);

*see also Bell Semiconductor*, 2022 WL 1447948, at *2 (concluding the status of the litigation favored a stay where claim construction had already occurred and discovery was open). The stage of this litigation favors a stay. Thus, all factors point to a stay.

Accordingly, the Court **GRANTS** X's motion to stay case pending IPR, Dkt. 37, and **STAYS** the case pending IPR.

The Court **FURTHER ORDERS** that the parties file a joint status report every 90 days until the IPR is resolved, beginning 90 days from the date of this order.

SIGNED April 2, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE